UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

## Minute Entry

### Hearing Information:

Debtor:  YORAVI INVESTMENT INC
Case Number:  17-05446-EAG11                                    Chapter: 11
Date / Time / Room:  08/10/2018 09:30 am
Bankruptcy Judge:  EDWARD A. GODOY
Courtroom Clerk:  MILAGROS IRIZARRY
Reporter / ECR:  GRACIELA MUÑIZ

### Matter:

AMENDED CHAPTER 11 DISCLOSURE STATEMENT (#157)
OBJECTION TO AMENDED DISCLOSURE STATEMENT FILED BY RM TRUST (#167)

### Appearances:

RAFAEL A GONZALEZ VALIENTE – counsel for Debtor
CARMEN D CONDE TORRES -- counsel for RM Trust
DAGMAR I FERNANDEZ - BPPR

### Minutes of Proceedings:

**ORDER:**

RM Trust raised a number of issues with the amended plan, namely that it includes the incorrect discharge language, that it must separate the treatment as to administrative claims and priority claims, and that it incorrectly classifies Classes 2 and 4 as unimpaired.  The debtor concedes the first two points, but argues that Classes 2 and 4 are unimpaired because the amended plan provides for payment of the present value of those creditors' claims, including interest, in deferred cash payments over either 5 years (Class 2) or 7 years (Class 4).  In support of its position, the debtor relies on In re PPI Enters., 228 B.R. 339, 343 (Bankr. D. Del. 1998), which held that "the holder of a claim can only be deemed unimpaired if the cash payment is both equal to the claim and includes postpetition interest."

After briefly taking the impairment issue under advisement, the court finds that Classes 2 and 4 are impaired, as the PPI Enters. case is distinguishable from the present case.  In that case, the court deemed a class of creditors unimpaired because the plan proposed to pay the claim "on the effective date of the [p]lan in full in cash including pre and postpetition interest. . . ." Id. at 354.  That is not the case here, where the amended plan proposes to pay general unsecured creditors (Class 2) "100% of their allowed claims in [a] five (5) year payment plan, plus interest at the rate of 4.25% per annum" and pay RM Trust (Class 4) "in full in equal monthly installments of $1,434.14, including interest calculated at the fixed rate of 4.25% per annum and a 25-year amortization with a seven-year term (balloon payment at the end of the 7th year) commencing 30 days after the effective date of the plan." (Docket No. 158 at pp. 5-6.)  Since the Class 2 and 4 creditors will not be receiving everything to which they are entitled on the effective date, these claims are impaired.  See 11 U.S.C. § 1124(1) (a class of creditors is

impaired unless the plan "leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest"); In re New Midland Plaza Assocs., 247 B.R. 877, 896 (Bankr. S.D. Fla. 2000) ("Thus, under § 1124 as amended, if a class of claims is not paid in full with interest on the effective date, the class is impaired.").

In view of this, the debtor is ordered to amend the disclosure statement and plan within 14 days of the entry of this order. A hearing on the approval of the amended disclosure statement is hereby set for November 9, 2018 at 9:30a.m. at Jose V. Toledo Federal Building and US Courthouse, 300 Recinto Sur, 2nd Floor, Courtroom 2, San Juan, Puerto Rico. The debtor is ordered to give notice of the hearing and to file a certificate of service so showing.

/s/EDWARD A. GODOY
U. S. Bankruptcy Judge